**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **CORNUS CORPORATION, an Oregon corporation**, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> **GEAC ENTERPRISE SOLUTIONS, INC., a Georgia corporation; AMSI, a GEAC Computer Inc. Company; INFOR GLOBAL SOLUTIONS (MICHIGAN) INC., a Georgia corporation**, <br><br> Defendants - Appellants. | No. 08-35901 <br><br> D.C. No. 1:08-cv-03030-CL <br><br> **MEMORANDUM** [*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted November 5, 2009
Portland, Oregon

Before:      **KOZINSKI**, Chief Judge, **FISHER** and **PAEZ**, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Even if plaintiff waived its right to seek remand in the prior, virtually identical suit, that waiver did not extend to this case. The Cornus Partner Agreement provides: "No delay or failure in exercising any right hereunder . . . shall be deemed to constitute a waiver of such right" and "[t]his Agreement and any matters relating thereto shall be governed, construed and interpreted in accordance with the laws of Oregon." Non-waiver provisions are enforceable under Oregon law, at least so long as a party is alleged to have waived a right by a failure to act rather than by an affirmative act. See Boise Joint Venture v. Moore, 806 P.2d 707, 709 (Or. Ct. App. 1991). The district court therefore did not err when it held that plaintiff had not waived its right to seek remand in this case.

Neither does claim preclusion prevent plaintiff from seeking to enforce the forum-selection clause in this suit. Plaintiff could have, but did not, seek to remand the prior action that has been dismissed for failure to prosecute. But only "grounds for, or defenses to, recovery that were previously available to the parties" are merged into a prior judgment. Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1005 n.5 (9th Cir. 2002). A forum-selection clause is not a ground for or defense to recovery; it addresses only the proper forum in which to litigate those grounds and defenses.

There is a strong presumption in favor of enforcing the parties' bargained-for choice of forum.  <u>The Bremen</u> v. <u>Zapata Off-Shore Co.</u>, 407 U.S. 1, 15 (1972). Even were we to find defendants' equitable arguments against remand relevant, they cannot overcome this presumption.

**AFFIRMED.**